UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SCHRUPP, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; NDEX WEST, L.L.C.; and DOES 1-20, inclusive,<br><br>Defendants. | CIV. NO. 2:16-636 WBS KJN<br><br>MEMORANDUM AND ORDER RE: <u>PLAINTIFF'S REQUEST FOR CLARIFICATION AND DEFENDANT'S MOTION FOR ATTORNEY FEES</u> |

On May 16, 2018, this court entered an order granting Wells Fargo's Motion for Summary Judgment and denying plaintiff's Motion for Partial Summary Judgment. (Docket No. 65.) Presently before the court are plaintiff's Request for Clarification of this Order (Docket No. 71) and Wells Fargo's Motion for Attorney Fees (Docket No. 73).

I. <u>Request for Clarification</u>

Plaintiff filed this Request for Clarification on May 23, 2018. Specifically, plaintiff requests that the court clarify whether it overruled plaintiff's Objections in Opposition

1

to Wells Fargo's Motion for Summary Judgment (Docket No. 60-2) and plaintiff's Objections to the Declaration of Meredith Deal in Reply to Wells Fargo's Opposition to Plaintiff's Motion for Partial Summary Judgment (Docket No. 63 at 16).

A week before filing this request, however, on May 16, 2018, plaintiff filed a Notice of Appeal. (Docket No. 67.) As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. See Marrese v. American Academy of Ortho. Surgeons, 470 U.S. 373, 379 (1985); see also Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir. 1979). As an exception to this rule, a district court may retain jurisdiction to clarify its judgment pursuant to Fed. R. Civ. P. 60(a). Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997).

Rule 60(a), however, allows only for correction of clerical mistakes or mistakes arising from oversight or omission. Here, the court made no mistakes in its Order of May 16, 2018. Because the court relied extensively upon portions of the Declaration of Meredith Deal in its Order, plaintiff is correct in assuming that the court overruled his objections to those portions of the Declaration. There was no need for the court to expressly so state, and no clarification of the court's Order is necessary.

II. Motion for Attorney Fees

On June 1, 2018, after plaintiff had filed the appeal, Wells Fargo filed a Motion for Attorney Fees. (Docket No. 73.) Federal Rule of Civil Procedure 54(d) governs the litigation of attorney fee motions and bills of costs. "If an appeal on the

merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54 advisory committee note (1993). The court here, exercising its discretion, will stay consideration of Wells Fargo's Motion for Attorney Fees pending the resolution of the appeal.

IT IS THEREFORE ORDERED that plaintiff's Request for Consideration (Docket No. 71) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's Motion for Attorney Fees be, and the same hereby is, STAYED pending resolution of the appeal.

Dated: June 20, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE